**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38 (4) |
| | § | |
| RIAN GRAHAM | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Rian Graham's ("R. Graham") Motion in Limine (#419). The Government filed a Response (#464). Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I. Background

On June 4, 2025, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned an Indictment (#1) naming Brooke Crawford ("Crawford"), R. Graham, Troi Graham (T. Graham"), and two other codefendants. On February 5, 2026, a First Superseding Indictment (#110) was issued, which added Kellee Sims ("Sims") and two other codefendants. On September 9, 2026, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a single-count Second Superseding Indictment (#225) charging Crawford, R. Graham, T. Graham, Sims (collectively, "Defendants"), and the four other codefendants with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. Jury selection and trial are currently scheduled to begin on November 30, 2026.

II. Analysis

The court has inherent authority to manage the course of trials and thus rule on motions in limine. *See United States v. Logwood*, No. 3:24-CR-00017, 2025 WL 1908976, at *1 (W.D.

La. July 10, 2025) (citing *Coates v. TNT Crane & Rigging, Inc.*, No. MO:22-CV-00018-DC, 2023 WL 11915701, at *1 (W.D. Tex. 2023)). A motion in limine "is not a definitive ruling on the admissibility of evidence." *7X Cattle Co., L.L.C. v. Brandstadt*, No. 6:22-cv-396-JDK, 2025 WL 2269797, at *1 (E.D. Tex. July 15, 2025); *Green Acres Baptist Church, Inc. v. Brotherhood Mut. Ins. Co.*, No. 6:23-cv-566-JDK, 2025 WL 747818, at *1 (E.D. Tex. Jan. 17, 2025); *Ogden v. Cozumel, Inc.*, No. A-18-CV-00358-DAE-SH, 2019 WL 5295495, at *1 (W.D. Tex. Oct. 18, 2019) (stating that "[a]ll rulings on motions in limine are preliminary evidentiary rulings [and are] not final" (citing *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3877291, at *1 (E.D. Tex. June 27, 2016))). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial. *7X Cattle Co., L.L.C.*, 2025 WL 2269797, at *1; *Green Acres Baptist Church, Inc.*, 2025 WL 747818, at *1; *see King v. King*, 117 F.4th 301, 306 (5th Cir. 2024); *Rojas v. Richardson*, 703 F.2d 186, 188 (5th Cir. 1983).

The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980); *see Rojas*, 703 F.2d at 189; *Smith v. China Mfrs. All. L.L.C.*, No. 2:19-CV-01111, 2025 WL 1839905, at *2 (W.D. La. July 3, 2025). Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues. *United States v. Spotted Horse*, 916 F.3d 686, 693 (8th Cir. 2019); *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Motion in limine rulings "are not binding on the trial judge, and the judge may

always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner); *United States v. Thornhill*, 940 F.3d 1114, 1121 (9th Cir. 2019); *see Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412, 418 (5th Cir. 2020).

"[M]otions in limine may [also] be used to secure a pretrial ruling that certain evidence is admissible." *United States v. Barefoot*, No. 3:22-CR-13-DPJ-LGI, 2023 WL 6319893, at *1 (S.D. Miss. Sept. 28, 2023) (quoting *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11-CV-58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012)); *see United States v. Zelaya*, No. 22-77, 2024 WL 4719502, at *2 (E.D. La. Nov. 8, 2024); *United States v. Kirk*, No. SA11-CR-449(2), 2013 WL 6198221, at *1 (W.D. Tex. Nov. 27, 2013) ("[T]he Government's Motion for Early Admissibility Rulings asked the Court to rule on the admissibility of certain evidence prior to trial and as such, it was, for all intents and purposes, a motion in limine.").

A. R. Graham's Motion in Limine

1. Request One

R. Graham's first request asks that the court prohibit an agent's testimony that relays victims' or others' statements. In her motion, R. Graham sets forth three instances where the Government purportedly violated hearsay rules and the Confrontation Clause: (1) Agent Wright's ("Wright") testimony that victims said they were in contact with R. Graham; (2) Wright's testimony that victims reported that R. Graham was involved during the initial scheme; and (3) Wright's testimony that R. Graham was initially reported as one of the investigation's main subjects.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. *United States v. Noria*, 945 F.3d 847, 852 (5th Cir. 2019); *United States v. Reed*, 908 F.3d 102, 119-20 (5th Cir. 2018). Federal Rule of Evidence 802 bars hearsay testimony except as provided by "these rules," "a federal statute," or "other rules prescribed by the Supreme Court." FED. R. EVID. 802; *accord Noria*, 945 F.3d at 852 n.17; *United States v. Piper*, 912 F.3d 847, 855 (5th Cir. 2019). Out-of-court statements offered not for the truth of the matter asserted, but for another purpose, are not hearsay. *Vemex Trading Corp. v. Tech. Ventures, Inc.*, No. 11-20723, 2014 WL 1477407, at *4 (5th Cir. Apr. 16, 2014); *United States v. Armstrong*, 619 F.3d 380, 385 (5th Cir. 2010); *United States v. Dunigan*, 555 F.3d 501, 507 (5th Cir. 2009).

Similarly, the Sixth Amendment provides a criminal defendant with the right "to be confronted with the witnesses against him." U.S. CONST. Amend. VI; *accord United States v. Jones*, 930 F.3d 366, 375 (5th Cir. 2019). "[T]his bedrock procedural guarantee" protects against convictions based on out-of-court accusations that the defendant cannot test "in the crucible of cross-examination." *Crawford v. Washington*, 541 U.S. 36, 42, 61 (2004). To satisfy the Confrontation Clause, "[t]estimonial statements of witnesses absent from trial" may be "admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 59. Instances where an officer's testimony indicates that an out-of-court statement's declarant believed the defendant was guilty of the crime charged trigger the Confrontation Clause. *See United States v. Sharp*, 6 F.4th 573, 582 (5th Cir. 2021) (citing *United States v. Kizzie*, 877 F.3d 650, 657 (5th Cir. 2017)).

The Government may introduce an informant or tipster's tip for a non-hearsay purpose, such as explaining the course of the investigation. *See id.* at 581. This purpose, however, is not to be used to skirt limitations imposed by the Confrontation Clause. *See id.* at 581-82. The probative value of a non-hearsay purpose "may pale in comparison to the risk that the jury will consider a highly inculpatory out-of-court statement for its truth." *Id.* at 582. The court and the Government must vigilantly guard against jurors using such statements for their truth. *See id.*

Here, the examples set out by R. Graham raise concerns as to whether the Government will violate the rules regarding hearsay and the Confrontation Clause in the upcoming trial. Notably, the Government's response does not address this request at all. Because of the severity of the risks raised and lack of the Government's objection, R. Graham's request is GRANTED. The Government is precluded from eliciting testimony from a witness about an out-of-court statement made by a declarant that cannot be cross-examined. Testimony explaining, however, that a tip prompted a witness to investigate or why an investigation took place, without divulging prejudicial details, is permissible. *See id.* at 582; *Kizzie*, 877 F.3d at 659; *United States v. Jones*, 930 F.3d 366, at 377-78 (5th Cir. 2019).

2. Request Two

R. Graham requests that the court prohibit the substance of any report or tip, or other source that identified her as a participant in the investigation. This request is "overly broad and void of any specific context." *See Hull v. Ford*, No. CIV.A. C-05-43, 2008 WL 178890, at *2 (S.D. Tex. Jan. 17, 2008) (denying a motion in limine when the request was overly broad). This request does not mention specific evidence, such as the reports, tips, or other sources, it seeks to

limit. It has no context and seemingly seeks to suppress large swaths of evidence. Accordingly, the request is DENIED.

3. Request Three

In her third request, R. Graham requests that the court prohibit testimony in the form of an agent's opinion that R. Graham was a part of the Mildred Drake Family Trust, its "organization," or the conspiracy. She raises several instances where Wright testified as to her purported involvement in the conspiracy during Riley Graham's trial: (1) Wright's testimony that R. Graham was a part of the organization involved in the alleged conspiracy; (2) Wright's testimony that anyone in the organization that "gets the money" is "part of the conspiracy"; (3) Wright's testimony that using retained information is "encompassed in a conspiracy"; and (4) that "members of the MDFT got SBA loans."

Federal Rule of Evidence 701 provides that a lay witness may testify about opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. "A lay witness may give an opinion that is based upon first-hand knowledge or observation." *United States v. Masha*, 990 F.3d 436, 445 (5th Cir. 2021). "Lay opinion testimony is admissible if it requires no great leap of logic and draws straightforward conclusions from observations informed by the witness's own experience." *Id.* This request appears to have two parts: First, it asks that the court prohibit the Government's lay witness from giving an opinion based on his perceptions. Second, it asks that the court enforce the rules of evidence by prohibiting opinion testimony based on legal conclusions. This request is DENIED as such testimony is proper to the extent that

opinions are based on the witness's first-hand knowledge or observation and to the extent it asks the court to enforce the rules of evidence. *See Packet Intel. LLC*, 2019 WL 1642714, at * 3. However, the court cautions that any testimony drawing a legal conclusion as to R. Graham's guilt—that she was a part of the conspiracy—is impermissible. *See United States v. Daggs*, 448 F. App'x 504, 507 (5th Cir. 2011) (finding that testimony stating the defendant "was involved in a conspiracy with somebody" was an improper legal conclusion).

4. <u>Request Four</u>

In her final request, R. Graham requests that the court prohibit the Government from eliciting testimony from a non-declarant witness regarding statements made by Gary Matthews or Sebrina Matthews to law enforcement about whether they authorized the Small Business Administration ("SBA") loans. R. Graham's request specifically concerns hearsay testimony. She again points to specific instances during Riley Graham's trial where the Government introduced hearsay testimony through Wright. Her request is GRANTED. The Government shall be required to introduce such testimony from the declarants themselves.

III. <u>Conclusion</u>

Consistent with the foregoing analysis, R. Graham's Motion in Limine (#419) is GRANTED in PART and DENIED in PART. The Government is prohibited from discussing, arguing, or offering any evidence on the following matters without first approaching the bench:

1. Eliciting testimony from a witness about an out-of-court statement made by a declarant that cannot be cross-examined in violation of the Confrontation Clause; and

2. Eliciting testimony from a third-party, rather than the witnesses whose personal identification information was used to obtain the SBA loans, regarding the authorization of such loans.

SIGNED at Beaumont, Texas, this 24th day of November, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE