**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38 (4) |
| | § | |
| RIAN GRAHAM | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration and disposition of pretrial matters in accordance with applicable law and local rules. On November 12, 2026, Judge Hawthorn issued a Report and Recommendation (Dkt. #389) addressing the following *pro se* motions filed by Defendant Rian Graham:

> "Verified Emergency *Ex Parte* Motion to Seal Document 338-58; to Challenge Jurisdiction; to Request In Camera Inquiry Regarding Breakdown of Advocacy; and to Preserve Constitutional Objections" (Dkt. #365), and
>
> "Verified *Ex Parte* Application for Disclosure of Defendant-Specific Summary CJA Expenditure Information Pursuant to Judicial Conference Policy" (Dkt. #367); and
>
> "Emergency *Pro Se* Motion for Leave to Join Co-Defendant's Motion to Suppress Evidence (Dkt. #361), Motion to Seal Pursuant to Fed. R. Crim. P. 49.1, and Memorandum of Law Pursuant to Fed. R. Crim. 12(b)(3)(C), 12(e), 12 U.S.C. § 3420(a), and the Fourth Amendment" (Dkt. #387).

The parties received notice of their right to file objections to the Report and Recommendation. Graham filed timely objections to the Report and Recommendation (Dkt. #498). The court conducted a *de novo* review of the portions of the Report and Recommendation to which Graham objects and finds that her objections are without merit.[1] Graham largely reiterates arguments

[1] The court accepts Graham's position that dkt. #372 concerns her co-defendant but finds that the error does not affect the magistrate judge's recommendation. To the extent that Rian Graham is objecting to the magistrate judge's order denying her request to substitute counsel (dkt. #315), that objection is overruled..

previously presented to and thoroughly addressed by the magistrate judge and fails to identify any error of law or fact warranting rejection or modification of the recommendations. Having reviewed the Report and Recommendation and the record, the court overrules Defendant's objections and adopts the Report and Recommendation (Dkt. #389).

The court grants, in part, Graham's request for protective relief under Federal Rule of Criminal Procedure 49.1 (Dkt. #365). The Clerk of Court is directed to temporarily restrict public access to Dkt. #338-58 pending review for compliance with Rule 49.1. The Government shall review Dkt. #338-58 and, to the extent it contains personal identifying information subject to redaction under Rule 49.1, file an appropriately redacted version and request that public access to the unredacted original remain restricted.

The court denies Graham's renewed requests for substitution of appointed counsel and an additional *ex parte*, in camera hearing concerning her relationship with counsel (Dkt. #365).

The court further denies, without prejudice, Graham's application for disclosure of defendant-specific Criminal Justice Act expenditure information (Dkt. #367), without prejudice to disclosure of otherwise available payment information in accordance with applicable Judicial Conference policies.

The court also denies as improper hybrid filings, without prejudice, all remaining requests for relief contained in Graham's *pro se* motions (Dkt. #365 and #387), including dismissal of Count One of the Second Superseding Indictment, severance, transfer of venue, measures addressing alleged jury prejudice, review or disclosure of grand jury materials, production of investigative records or recordings, relief concerning alleged constitutional violations, and leave to join her co-defendant's motion to suppress.

Although not explicitly mentioned in Judge Hawthorn's Report, the court also denies as hybrid Graham's *pro se* Notice to the Court for Immediate Intervention and Constitutional Record Preservation and Motion to Transfer Venue (Dkt. #488).[2]

This court order does not preclude appointed counsel from presenting any appropriate motion or objection on Graham's behalf.

SIGNED at Beaumont, Texas, this 25th day of November, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[2] Graham's deadline to file pretrial motions passed on November 16, 2026. *See* dkt. #341, p. 2.